UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN WATSON,

    Petitioner,

v.                                                  Case No: 8:22-cv-2613-WFJ-TGW

DANUTA WATSON,

    Respondent.

_____/

**ORDER**

This matter comes before the Court on Petitioner Ryan Watson's ex parte Motion for Temporary Restraining Order (Dkt. 6), Memorandum of Law in Support of Motion for Temporary Restraining Order (Dkt. 6-1), and Verified Petition for Return of Minor Children to Canada (Dkt. 1). Upon careful consideration, the Court grants the Motion for Temporary Restraining Order as set forth below.

**DISCUSSION**

On November 15, 2022, Petitioner filed a Petition for Return of Minor Children to Canada pursuant to the Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. Dkt. 1. Petitioner alleges that

his wife, the Respondent, absconded to Florida with the couple's two minor children, G.L.W. and B.V.W, on November 25, 2021, after fraudulently obtaining pre-approval to cross the Canada-United States border. Dkt. 6-1 at 3. One week after traveling to the United States with the children, Respondent allegedly phoned Petitioner and told him that she would not be returning to Canada. *Id.* Petitioner further contends that Respondent recently initiated divorce proceedings in Lee County, Florida, in which she has falsely alleged that she is unaware of Petitioner's whereabouts. *Id.*

In moving for a temporary restraining order, Petitioner requests that this Court prohibit the removal of G.L.W. and B.V.W. from the Court's jurisdiction pending a hearing on the merits of the Verified Petition. Dkt. 6 at 3. He also seeks an expedited preliminary injunction hearing on the merits of the Verified Petition and an order requiring Respondent to show cause as to why the Verified Petition should not be granted. *Id.*

A court may enter a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. To obtain a temporary restraining order, the movant must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will occur absent such relief; (3) that the threatened injury outweighs the harm the relief would inflict upon the non-movant; and (4) that the entry of the requested relief would serve the public interest. *Schiavo v. Schiavo*, 403 F.3d 1223,

1225−26 (11th Cir. 2005). An ex parte temporary restraining order is an extreme remedy necessitating strict compliance with these requirements. *Mustafa v. Munoz*, No. 8:17-cv-49-T17-AEP, 2017 WL 8314667, at *1 (M.D. Fla. Jan. 6, 2017); *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995). Before a Court may grant such a motion, the movant's attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Turning first to Petitioner's likelihood of success on the merits, the Court finds that Petitioner has satisfied this requirement. To be afforded relief under the Hague Convention, a petitioner must show: (1) that the removal or retention of the children was in breach of the petitioner's custody rights in the country where the child was a habitual resident prior to removal; (2) that the petitioner was exercising or attempting to exercise his or her custody rights at the time of removal; (3) that the child is under the age of sixteen years old; and (4) that the child has not been in the United States for more than one year. *See* 28 U.S.C. §§ 9002, 9003(e)(1); *Seaman v. Peterson*, 766 F.3d 1252, 1257 (11th Cir. 2014).

Petitioner has provided documentation to support his allegations that he and Respondent were legally married at the time of the children's removal and that the family had been residing together from September 2020 to October 2021 in a home that the couple purchased in Canada. Dkt. 1 at 32, 35−37. He also provided the

3

birth certificates of G.L.W. and B.V.W. to establish that both are under sixteen years old. *Id.* at 33−34. The Petition further contains documentary evidence suggesting that the children were removed to the United States less than a year ago. *Id.* at 39.

    The Court further finds that Petitioner has shown that irreparable injury will occur if the requested temporary restraining order is not granted. Petitioner asserts that because "Respondent has already wrongfully removed" G.L.W. and B.V.W. to the United States and impeded Petitioner's relationship with them, "there is obviously a risk" that she will further hide the children upon learning that Petitioner is seeking their return to Canada. Dkt. 6-1 at 11−12. The Court agrees. Indeed, ICARA permits a court to "prevent the child's further removal or concealment before the final disposition of the petition." *See* 22 U.S.C. § 9004(a).

    Additionally, the threatened injury to Petitioner outweighs the harm the requested temporary restraining order would cause Respondent. The temporary restraining order sought by Petitioner would prohibit Respondent from removing G.L.W. and B.V.W. from this Court's jurisdiction pending final resolution of the Verified Petition. The requested order would simply maintain the status quo, given Respondent and the children currently reside in this District. *See* Dkt. 1 at 7. Such relief is also permitted by the Hague Convention, which requires a court to act expeditiously and authorizes the use of preventative measures to prevent harm to

the children or prejudice to interested parties. *See* Hague Convention arts. 7(b), 11. As such, issuing the requested temporary restraining order would not be against the public interest.

In compliance with Rule 65(b)(1)(B), Petitioner's attorney certifies that Respondent was not, and should not, be given notice of Petitioner's Motion for Temporary Restraining Order given the aforementioned risk of Respondent's concealment of the children. Dkt. 6 at 2. With the Court having determined that Petitioner has demonstrated the risk of concealment, the Court finds that Petitioner has sufficiently established why prior notice should not be afforded to Respondent.

The ex parte Motion for Temporary Restraining Order is ultimately due to be granted. However, to the extent Petitioner is understood to seek an expedited preliminary injunction hearing consolidated with a final merits hearing, the Court declines to consolidate the two. The Court anticipates that Respondent will require additional time to prepare for a final merits hearing and retain counsel if desired.

## CONCLUSION

For these reasons, and pursuant to Federal Rule of Procedure 65, Petitioner's Motion for Temporary Restraining Order, Dkt. 6, is **GRANTED** as follows:

(1) Effective immediately, Respondent and all those acting in concert or participation with her are hereby prohibited from removing the children from the jurisdiction of this Court during the pendency of this litigation,

5

absent the Court's permission;

(2) The United States Marshals Service for the Middle District of Florida is hereby **DIRECTED** to serve the Respondent with the Verified Petition (Dkt. 1), the Motion for the Temporary Restraining Order and Supporting Memorandum of Law (Dkts. 6 & 6-1), and this Order wherever Respondent may be found, including her believed addressed: 8461 Cosgrove Road, North Port, Florida 34291.

(3) Respondent is **ORDERED** to surrender her passport and the passports of the children to the United States Marshals Service upon receipt of this Order.

(4) A preliminary injunction hearing to determine whether this temporary restraining order should remain in effect shall take place at **1:00 PM on December 8, 2022**, at the Sam M. Gibbons United States Courthouse located at 801 North Florida Avenue, Tampa, FL 33602, Courtroom 15B. Respondent's attendance is mandatory.

**DONE AND ORDERED** at Tampa, Florida, on November 16, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
United States Marshals Service